UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

In re:

SYLVESTER WILLIAM HILL           Case No. 12-30483-KRH
BRANDI CRONE HILL               (Chapter 13)

      Debtors,

CITIMORTGAGE, INC.,              Ref. Dkt. #35

      Movant,

vs.

SYLVESTER WILLIAM HILL
BRANDI CRONE HILL and
CARL M. BATES, Trustee.

      Respondents,

## CONSENT ORDER MODIFYING AUTOMATIC STAY

This matter was settled prior to the scheduled October 7, 2015 hearing on the motion for relief from the automatic stay filed by CitiMortgage, Inc. ("Movant") with respect to the real property located at HC2, Box 13A, Bruington, VA 23023 and more particularly described as follows:

Kathryn Smits, Bar #77337
ksmits@atlanticlawgrp.com
Hugh J. Green, Bar #86687
hgreen@atlanticlawgrp.com
Atlantic Law Group, LLC
PO Box 2548
Leesburg, Virginia 20177
(703) 777-7101

All that certain tract of land located in Newtown Magisterial District, King and Queen County, Virginia, containing 3.00 acres, more or less, as shown on survey made by Michael A. Wind, C.L.S., dated August 9, 2002, recorded in the Clerk's Office of the Circuit Court of King and Queen County, Virginia in Plat Cabinet 2, Slide 163-I.

BEING the same property conveyed to Brandi C. Hill and Sylvester W. Hill, Jr. by deed of gift from Mary S. Moore dated November 7, 2002, recorded November 25, 2002 in the Clerk's Office of the Circuit Court of King and Queen County, Virginia in Deed Book 197, Page 800.

Upon consideration of which, it is

**ORDERED:**

1. The debtor will resume making regular monthly installment payments in the amount of $527.45, directly to CitiMortgage, Inc., PO Box 183040, Columbus, OH 43218-3040, as they become due commencing on October 1, 2015, subject to adjustment as due under the Note.

2. The debtors will cure the post-petition arrearage currently due to the movant for February, 2015 through September, 2015 in the total amount of $4,975.40, through the filing and confirmation of a Modified Chapter 13 Plan. The Modified Plan will be filed within forty-five (45) days from the date of entry of this Consent Order Modifying Stay and nothing in this Order shall prevent the Trustee or other creditors from filing objections, if they deem it appropriate to do so. Movant will amend their Proof of Claim to include the post-petition arrearage. The post-petition arrearage includes two (2) post-petition payments in the amount of $509.90 each for the months of February, 2015 through March, 2015, six (6) post-petition payments in the amount of $527.45 each for the months of April, 2015 through September, 2015, attorneys' fees and costs in the amount of $826.00 for the filing of the Motion for Relief and provides for a credit of $35.10 in Debtors' suspense.

3. In the event that the Modified Chapter 13 Plan is not filed within forty-five (45) days from the date of entry of this Consent Order Modifying Stay or if any payment required by this order is not received by the movant within 15 days after it is due, the movant may mail a notice of default to the debtors by first class mail, postage prepaid, (and, if it desires, also by certified or registered mail) with a copy to debtors' counsel and the trustee by first class mail, postage prepaid, or by email at the same time as the notice of default is mailed to the debtor. The notice of default will state in simple and plain language:

    a. That the debtors failed to file a modified Chapter 13 Plan consistent with the terms above, and/or that the debtors are in default in making at least one payment required under this order;
    b. The dates and amount of each payment missed and any late charge or other fee necessary to cure the default;
    c. The action necessary to cure the default, including any address to which payments must be mailed;
    d. That the debtors or trustee must take one of the following actions within fourteen days after the date of the mailing of the notice of default:
        i. cure the default;
        ii. file an objection with the court stating that no default exists; or
        iii. file an objection with the court stating any other reason why an order granting relief from the automatic stay should not be entered;
    e. That if the debtors or trustee do not take one of the actions set forth in paragraph 3(d), the movant may file a certificate that it has complied with the terms of this order and that the court may grant relief from the automatic stay without further notice to the debtors; and
    f. That if the automatic stay is terminated, the collateral may be sold at foreclosure.

If the debtors or trustee do not take one of the actions set forth in paragraph 3(d), the movant may submit a certificate stating that it has complied with the terms of this order and that neither the debtors nor the trustee have taken one of the actions set forth in

paragraph 3(d) and may submit together with the certificate a draft order terminating the automatic stay.

If the debtors or trustee file an objection, the movant must set the matter for hearing and give notice of the hearing to the debtors, debtors' counsel and the trustee. At the hearing, the court may terminate the stay or take other action appropriate to the circumstances.

4. The provisions of this order with respect to regular monthly installment payments expire one year after the date of the entry of this order. In the event of the default in payment of any regular monthly installment payment due more than one year after the date of the entry of this order, the movant must obtain relief by filing a new motion for relief from stay with appropriate notice and hearing.

5. Until an order is entered terminating the automatic stay, the movant may not refuse to accept or apply payments tendered by the debtors, even if such payments are late or in an improper amount; however, acceptance of non-conforming payments is without prejudice and shall not constitute a waiver of any default.

6. The automatic stay is modified to permit the note holder or servicing agent to send the debtors payment coupons, payment statements or invoices, notices of late payment, notices of payment changes, notices of servicing transfers, or any other notice, other than a notice of acceleration or demand for payment of the entire balance, normally sent to customers in the ordinary course of business.

7. Should the debtors default pursuant to the terms contained herein, unless otherwise ordered by this court, the movant shall be entitled to reasonable attorneys' fees in

the amount of $50.00 for issuance of a notice of default, certificate of non-compliance and

preparation of an order terminating the automatic stay..

_____, Virginia
_____, 20\_\_\_\_\_

Oct 16 2015

/s/ Kevin R. Huennekens
_____
Kevin R. Huennekens
U.S. Bankruptcy Court Judge

Entered on Docket:Oct 20 2015

WE ASK FOR THIS:

\_\_\_\_/s/ Kathryn E. Smits_____
Kathryn E. Smits, Bar #77337
Hugh J. Green, Bar #86687
Attorneys for Movant
Atlantic Law Group, LLC
PO Box 2548
Leesburg, VA 20177
703 777-7101 telephone
703 940-9119 facsimile
ksmits@atlanticlawgrp.com
hgreen@atlanticlawgrp.com


\_\_\_/s/ Christian D. DeGuzman_____
Christian D. DeGuzman, Esquire
America Law Group, Inc.
8501 Mayland Dr.
Suite 106
Henrico, VA 23294
Attorneys for the Debtors
Re: Case No. 12-30483-KRH



SEEN W/ RESERVATION OF RIGHT
TO OBJECT TO MODIFIED PLAN:

\_\_\_/s/ Carl M. Bates_____
Carl M. Bates, Trustee
P. O. Box 1819
Richmond, VA 23218
Re: Case No. 12-30483-KRH

CERTIFICATION

      The undersigned certifies that the foregoing Consent Order Modifying Automatic Stay is substantially in compliance with Administrative Order 10-2 and that it has been endorsed by all necessary parties involved in this proceeding.

                                                  /s/ Kathryn E. Smits
                                                Kathryn Smits, Esquire
                                                Hugh J. Green, Esquire

The Clerk shall mail a copy of the entered Order to the following:

Kathryn Smits, Esquire
Hugh J. Green, Esquire
Atlantic Law Group, LLC
Attorneys for the Movant
PO Box 2548
Leesburg, Virginia 20177

Sylvester William Hill
Brandi Crone Hill
1135 Pea Ridge Road
Bruington, VA 23023
Debtors

Richard James Oulton, Esquire
America Law Group, Inc.
8501 Mayland Dr.
Suite 106
Henrico, VA 23294
Attorney for the Debtors

Carl M. Bates, Trustee
P. O. Box 1819
Richmond, VA 23218